**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHANTAVIA SHANIQUA SMITH** | * |
| 14807 Fort Trail | * |
| Accokeek, MD 20607 | * |
| | * |
| **CYNARD SIDNEY SMTH** | * |
| 14807 Fort Trail | * |
| Accokeek, MD 20607 | * |
| | * |
| **CHARLES SIMON SMITH, JR.** | * |
| 14807 Fort Trail | * |
| Accokeek, MD 20607 | * |
| | * |
| Plaintiffs | * |
| | * |
| **v.** | *    Case No.: **21-3069** |
| | * |
| **PRINCE GEORGE'S COUNTY, MARYLAND** | * |
| A Body Corporate and Politic | * |
| **Serve:** Rhonda L. Weaver | * |
| County Attorney for | * |
| Prince George's County | * |
| 1301 McCormick Drive | * |
| Suite 4100 | * |
| Upper Marlboro, MD 20774 | * |
| | * |
| **PFC. JONATHAN PERRY EVELER, #4010** | * |
| *in his official and individual capacity,* | * |
| Prince George's Police Department | * |
| District I | * |
| 5000 Rhode Island Ave. | * |
| Hyattsville, Maryland 20781 | * |
| | * |
| **PFC. MYRON THOMAS BAKER, #4181** | * |
| *in his official and individual capacity,* | * |
| Prince George's Police Department | * |
| District I | * |
| 5000 Rhode Island Ave. | * |
| Hyattsville, Maryland 20781 | * |
| | * |
| **PFC. JONATHAN MICHAEL KEENE, #1713** | * |
| *in his official and individual capacity,* | * |
| Cheverly Police Department | * |
| 6401 Forest Road | * |
| Cheverly, Maryland 20785 | * |

1

**JOHN DOE 1**,                                        *
in his official and individual capacity,              *
                                                      *
                                                      *
                                                      *
        Defendants                                    *
                                                      *
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**COMPLAINT**</u>

<u>**PARTIES**</u>

1.      Plaintiff, Chantavia Smith, is a resident of Prince George's County, Maryland and is of full age.

2.      Plaintiff, Cynard Smith, is a resident of Prince George's County, Maryland and is of full age.

3.      Plaintiff, Charles Smith, is a resident of Prince George's County, Maryland and is of full age.

4.      The Plaintiffs in this matter are biological siblings, and are collectively referred to in this Complaint as "the Smiths."

5.      Defendants Pfc. Jonathan Perry Eveler ("Eveler"), and Pfc. Myron Thomas Baker ("Baker") were at all times relevant to this action, duly appointed, sworn police officers of the Prince George's County Police Department, and Defendant Prince George's County, Maryland.

6.      Defendant Pfc. Jonathan Michael Keene ("Keene") was at all times relevant to this action a duly appointed, sworn police officer of the Cheverly Police Department, and Defendant Prince George's County, Maryland.

7.      Defendant John Doe 1 was, upon information and belief, at all times relevant to this action a duly appointed, sworn police officer of the Cheverly Police Department, and Defendant Prince George's County, Maryland.

8.      Defendant Prince George's County, Maryland (hereafter the "County") is a body corporate and politic under Maryland law and was the employer of Defendants Eveler, Baker, Keene, and John Doe 1.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arises under the United States Constitution and are asserted here pursuant to 42 U.S.C. § 1983. Plaintiffs' claims under the common law of the State of Maryland arise from the same events as the constitutional claims and are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.      Venue is proper because Defendants regularly transact business, and because the events or omissions giving rise to Plaintiffs' cause of action arose in Prince George's County a local jurisdiction located in the District of Maryland.

## FACTS

11.      On May 9, 2020, at approximately 11:50 p.m., near 4801 Trenton Road, Hyattsville Prince George's County, Maryland, Plaintiffs Chantavia and Cynard Smith were struck by a moving vehicle in a hit and run incident. At the time, the Smiths were leaving a memorial service and gathering.

12.      The vehicle that struck Chantavia Smith broke her wrist and rendered her unable to move from the middle of the roadway.

13.       An eyewitness called 911 and requested an ambulance for assistance.

14.      When Defendants arrived on scene, Chantavia Smith was still lying in the middle of the roadway.  Charles Smith was positioned on the ground next to his sister attempting to comfort her by holding her head and covering her torn shirt with his jacket. Cynard Smith stood a few feet away from his siblings.

15.     Defendant Officer Baker arrived on the scene and grabbed Charles Smith, dragging him away from his sister and detaining him, eventually placing him in handcuffs.

16.      Charles Smith attempted to explain to Officer Baker that he was Chantavia's sister, and had done nothing wrong.

17.     Officer Baker punched Charles Smith with a closed fist and slammed him to the ground while Charles Smith was restrained in handcuffs.

18.     Officer Baker repeatedly punched and kicked Charles Smith, causing him severe physical pain and discomfort, while detaining him on the ground.

19.     Officer Baker placed Charles Smith in a choke hold while attempting to place him in the rear of a police vehicle.

20.     Charles Smith had not committed any crime, nor did he pose any danger to the Defendants or anyone else.

21.     During this time, Defendant Officer Eveler detained Cynard Smith, forcing him on the ground and placing him in handcuffs.

22.     Officer Eveler choked Cynard Smith while he remained handcuffed by grabbing and pulling the hood of his sweatshirt from behind.

23.      Officer Eveler placed leg irons on Cynard Smith's ankles and, with the assistance of other officers, carried Cynard Smith to a Prince George's County Police cruiser.

24.     Officer Eveler, again with the assistance of other officers, then removed Cynard Smith from the Prince George's County Police cruiser and locked him in the back seat of a Cheverly Police cruiser equipped with a cage.

25.     While Cynard Smith was seated in the back seat of the Cheverly Police cruiser, John Doe 1, an officer believed to be from the Cheverly Police Department, threatened him, stating "We are going to fuck you up," before punching Cynard Smith in the face with a closed fist.

4

26.     Cynard Smith had not committed any crime, nor did he pose any danger to the Defendants or anyone else.

27.     Cynard Smith was in great physical pain and discomfort when he was handcuffed, choked, placed in leg irons and punched by the Defendants.

28.     During this time, Defendants failed to render aid to Chantavia Smith who continued to lie in the roadway with her wrist and arm in excruciating pain.

29.     Several minutes after the Defendants detained Charles and Cynard Smith, Officer Keene detained Plaintiff Chantavia Smith, forcefully rolling her onto her stomach and twisting her injured arm before placing both of her wrists in handcuffs behind her back.

30.     Chantavia Smith was in excruciating pain having suffered a broken wrist from the hit and run incident. This pain and suffering intensified significantly as a result of Officer Keene rolling her over on the street, and placing her in handcuffs behind her back.

31.     Although an ambulance had arrived on scene, none of the Defendants attempted to render aid to Chantavia Smith or permit the medical providers present to render such aid.

32.     Chantavia Smith had committed no crime nor was she a threat to any of the Defendants or anyone else.

33.     Below is an image of Plaintiff Chantavia Smith being placed in handcuffs.



34.     Plaintiffs were then each individually transported to the Prince George's County Detention Center.

35.     The Prince George's County Detention Center did not accept Chantavia Smith due to her physical condition and apparent injuries.  Prince George's County Police officers then transported her in a police car to the Prince George's Hospital Center to receive treatment for her injuries, including a broken wrist.

36.     On the morning of May 10, 2020, Officer Baker filed criminal charges against Plaintiff Charles Smith, charging him with acting in a disorderly manner to the disturbance of the public peace, resisting arrest, assaulting Officer Baker, and obstructing and hindering a police officer. *See State of Maryland v. Charles Smith*, case no. 5E00692914.

37.     On the morning of May 10, 2020, Officer Eveler filed criminal charges against Plaintiff Cynard Smith, charging him with acting in a disorderly manner to the disturbance of the public peace, resisting arrest, assault on a police officer, and obstructing and hindering a police officer. *See State of Maryland v. Cynard Smith*, case no. 3E00691330.

38.     Days later, on May 14, 2020, Officer Eveler filed criminal charges against Plaintiff Chantavia Smith, charging her with assaulting Officer Keene, resisting arrest, and disorderly conduct. *See State of Maryland v. Chantavia Smith*, case no. 4E00712107.

39.     Charles and Cynard Smith were detained at the Prince George's County Detention Center following their arrest on May 9, 2020, and were released the following day by the District Court Commissioner on their own personal recognizance.

40.     On June 22, 2020, all criminal charges against Chantavia, Charles and Cynard Smith were dismissed by the Office of the State's Attorney for Prince George's County.

41.     As a result of the Defendants' actions, Chantavia Smith suffered extreme pain in her arm. She required medical care and attention, endured significant pain and discomfort, and suffered mental and emotional distress, embarrassment and humiliation.

42.     As a result of the Defendants' actions, Charles Smith suffered injuries, including significant pain from being punched and slammed to the ground, and suffered mental and emotional distress, embarrassment, and humiliation.

43.     As a result of the Defendants' actions, Cynard Smith suffered injuries, including significant pain from being choked, and suffered mental and emotional distress, embarrassment, and humiliation.

44.     At all times during the events described above, the Defendants acted within the scope of their employment for Prince George's County.

45.     The Defendants' actions were committed with the knowledge that their conduct violated Plaintiffs' legal rights.

46.     On August 19, 2020, Plaintiffs' counsel substantially complied with the notification requirements of Maryland's Local Government Tort Claims Act.

**COUNT ONE**

**(BATTERY)**
**(CHANTAVIA SMITH v. DEFENDANTS OFFICER KEENE AND PRINCE GEORGE'S COUNTY, MARYLAND)**

47.     Plaintiff Chantavia Smith incorporates all prior allegations contained in paragraphs 1 through 46.

48.     Officer Keene battered Plaintiff Chantavia Smith by forcefully rolling her onto her stomach, twisting her arm and placing her in handcuffs behind her back without having legal justification to do so.

49.     Prince George's County is liable for the actions taken by Officer Keene pursuant to the doctrine of *respondeat superior.*

**COUNTS TWO**
**(FALSE ARREST)**
**(CHANTAVIA SMITH v. DEFENDANTS OFFICER KEENE AND PRINCE GEORGE'S COUNTY, MARYLAND)**

50.     Plaintiff Chantavia Smith incorporates all prior allegations contained in paragraphs 1 through 46.

51.     Officer Keene falsely arrested Plaintiff Chantavia Smith by detaining her without probable cause to believe that she had committed a crime.

52.     Prince George's County is liable for the actions taken by Officer Keene and pursuant to the doctrine of *respondeat superior.*

**COUNTS THREE**
**(VIOLATION OF 14TH AMENDMENT RIGHTS, 42 U.S.C. §1983)**
**(EXCESSIVE FORCE)**
**(CHANTAVIA SMITH v. DEFENDANT OFFICER KEENE)**

53.     Plaintiff Chantavia Smith incorporates all prior allegations contained in paragraphs 1 through 46.

54.     At the time that Plaintiff Chantavia Smith was battered and detained by Officer Keene, Plaintiff had the constitutional right, pursuant to 42 U.S.C. § 1983 and the 14th Amendment

to the United States Constitution to be free from the use of excessive force. This right was a clearly established right at the time that the Plaintiff was being battered and detained.

55.      While acting under color of law, Officer Keene knowingly deprived Plaintiff of her 14th Amendment right to be free from the use of excessive force by rolling her onto her stomach and twisting her arm and placing her in handcuffs behind her back without having legal justification to do so. Officer Keene did so in order to inflict unnecessary pain and suffering upon Plaintiff.

### COUNT FOUR
### (VIOLATION OF 4TH AMENDMENT RIGHTS, 42 U.S.C. §1983)
### (ARREST WITHOUT PROBABLE CAUSE)
### (CHANTAVIA SMITH v. DEFENDANT OFFICER KEENE)

56.       Plaintiff Chantavia Smith incorporates all prior allegations contained in paragraphs 1 through 46.

57.      At the time that Plaintiff Chantavia Smith was detained, Plaintiff had the constitutional right, pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution to be free from arrest without probable cause. This right was a clearly established right at the time that the Plaintiff was stopped.

58.      While acting under color of state law, Officer Keene knowingly deprived Plaintiff of her 14th Amendment right to be free from the arrest without probable cause by arresting Plaintiff without probable cause to believe she had committed a crime.

### COUNT FIVE
### (BATTERY)
### (CHARLES SMITH v. DEFENDANTS OFFICER BAKER AND PRINCE GEORGE'S
### COUNTY, MARYLAND)

59.      Plaintiff Charles Smith incorporates all prior allegations contained in paragraphs 1 through 46.

60. Officer Baker battered Plaintiff Charles Smith by, *inter alia*, dragging him away from his sister Chantavia Smith, placing him in handcuffs, punching him with a closed fist, slamming him onto the ground and choking him without having legal justification to do so.

61. Prince George's County is liable for the actions taken by Officer Baker and pursuant to the doctrine of *respondeat superior*.

## COUNTS SIX
## (FALSE ARREST)
## (CHARLES SMITH v. DEFENDANTS OFFICER BAKER AND PRINCE GEORGE'S COUNTY, MARYLAND)

62. Plaintiff Charles Smith incorporates all prior allegations contained in paragraphs 1 through 46.

63. Officer Baker falsely arrested Plaintiff Charles Smith by detaining him without probable cause to believe that he had committed a crime.

64. Prince George's County is liable for the actions taken by Officer Baker pursuant to the doctrine of *respondeat superior*.

## COUNTS SEVEN
## (VIOLATION OF 14TH AMENDMENT RIGHTS, 42 U.S.C. §1983)
## (EXCESSIVE FORCE)
## (CHARLES SMITH v. DEFENDANT OFFICER BAKER)

65. Plaintiff Charles Smith incorporates all prior allegations contained in paragraphs 1 through 46.

66. At the time that Plaintiff Charles Smith was battered and detained by Officer Baker, Plaintiff had the constitutional right, pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution to be free from the use of excessive force. This right was a clearly established right at the time that the Plaintiff was being battered and detained.

67. While acting under color of law, Officer Baker knowingly deprived Plaintiff of his 14th Amendment right to be free from the use of excessive force by *inter alia*, dragging him away

from his sister, placing him in handcuffs, punching him with a closed fist, slamming him onto the ground and choking him without having legal justification to do so. Officer Keene did so in order to inflict unnecessary pain and suffering upon Plaintiff.

### COUNT EIGHT
### (VIOLATION OF 4TH AMENDMENT RIGHTS, 42 U.S.C. §1983)
### (ARREST WITHOUT PROBABLE CAUSE)
### (CHARLES SMITH v. DEFENDANT OFFICER BAKER)

68.     Plaintiff Charles Smith incorporates all prior allegations contained in paragraphs 1 through 46.

69.     At the time that Plaintiff Charles Smith was detained, Plaintiff had the constitutional right, pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution to be free from arrest without probable cause. This right was a clearly established right at the time that the Plaintiff was stopped.

70.     While acting under color of state law, Officer Baker knowingly deprived Plaintiff Charles Smith sof his 14th Amendment right to be free from the arrest without probable cause by arresting Plaintiff without probable cause to believe he had committed a crime.

### COUNT NINE
### (BATTERY)
### (CYNARD SMITH v. DEFENDANTS OFFICER EVELER, PRINCE GEORGE'S COUNTY, MARYLAND, AND JOHN DOE 1)

71.     Plaintiff Cynard Smith incorporates all prior allegations contained in paragraphs 1 through 46.

72.     Officer Eveler battered Plaintiff Cynard Smith by placing him in handcuffs and leg irons, and choking him with the hood of his sweatshirt, without having legal justification to do so.

73.     Defendant John Doe 1, believed to be a police officer with the Cheverly Police Department, battered Plaintiff Cynard Smith by punching him in the face with a closed fist without having legal justification to do so while Plaintiff was handcuffed in a police cruiser.

74.     Prince George's County is liable for the actions taken by Officer Eveler and John Doe 1 pursuant to the doctrine of *respondeat superior.*

## COUNTS TEN
## (FALSE ARREST)
## (CYNARD SMITH v. DEFENDANTS OFFICER EVELER AND PRINCE GEORGE'S COUNTY, MARYLAND)

75.      Plaintiff Cynard Smith incorporates all prior allegations contained in paragraphs 1 through 46.

76.     Officer Eveler falsely arrested Plaintiff Cynard Smith by detaining him without probable cause to believe that he had committed a crime.

77.     Prince George's County is liable for the actions taken by Officer Evelet pursuant to the doctrine of *respondeat superior.*

## COUNTS ELEVEN
## (VIOLATION OF 14TH AMENDMENT RIGHTS, 42 U.S.C. §1983)
## (EXCESSIVE FORCE)
## (CYNARD SMITH v. DEFENDANTS OFFICER EVELER and JOHN DOE 1)

78.     Plaintiff Cynard Smith incorporates all prior allegations contained in paragraphs 1 through 46.

79.      At the time that Plaintiff Charles Smith was battered and detained by Officer Eveler and John Doe 1, Plaintiff had the constitutional right, pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution to be free from the use of excessive force. This right was a clearly established right at the time that the Plaintiff was being battered and detained.

80.     While acting under color of law, Officer Eveler knowingly deprived Plaintiff of his 14th Amendment right to be free from the use of excessive force by placing him in handcuffs and

leg irons, and choking him with the hood of his sweatshirt, without having legal justification to do so. Officer Eveler did so in order to inflict unnecessary pain and suffering upon Plaintiff.

81.     While acting under color of law, John Doe 1 knowingly deprived Plaintiff of his 14th Amendment right to be free from the use of excessive force by punching him in the face with a closed fist without having legal justification to do so while Plaintiff was handcuffed in a police cruiser. John Doe 1 did so in order to inflict unnecessary pain and suffering upon Plaintiff.

### COUNT TWELVE
### (VIOLATION OF 4TH AMENDMENT RIGHTS, 42 U.S.C. §1983)
### (ARREST WITHOUT PROBABLE CAUSE)
### (CYNARD SMITH v. DEFENDANT OFFICER EVELER)

82.     Plaintiff Cynard Smith incorporates all prior allegations contained in paragraphs 1 through 46.

83.     At the time that Plaintiff Cynard Smith was detained, Plaintiff had the constitutional right, pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution to be free from arrest without probable cause. This right was a clearly established right at the time that the Plaintiff was stopped.

84.     While acting under color of state law, Officer Eveler knowingly deprived Plaintiff of his 14th Amendment right to be free from the arrest without probable cause by arresting Plaintiff without probable cause to believe he had committed a crime.

### DEMAND & PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court:

(a) RULE that Defendants' actions violated Plaintiffs' rights under the Fourth

and Fourteenth Amendments to the United States Constitution and the common law of

Maryland;

      (b) ENTER JUDGMENT awarding Plaintiffs compensatory damages against all

Defendants in an amount appropriate to the evidence adduced at trial;

      (c) ENTER JUDGMENT awarding Plaintiffs punitive damages against all individual

Defendants in an amount appropriate to the evidence adduced at trial;

      (d) ENTER JUDGMENT awarding Plaintiffs their costs and reasonable attorneys' fees in

this action as provided in 42 U.S.C. §1988(b); and

      (e) GRANT Plaintiffs such further relief as this Court may deem just and proper.

/s/

_____

Nicholas Madiou
Bar Number 30176
Brennan, McKenna, Lawlor, Chtd.
6305 Ivy Lane. Ste. 700
Greenbelt, MD 20770
301-474-0044 (phone)
301-474-5730 (fax)
nmadiou@brennanmckenna.com

/s/

_____

Alfred Guillaume III
Bar Number 30117
 Law Offices of Alfred Guillaume III, LLC
6305 Ivy Ln. Ste. 700
Greenbelt, MD 20770
301-377-2158
301-812-4254 (Fax)
ag3law@gmail.com

*Attorneys for all Plaintiffs*

14

## **DEMDAND FOR JURY TRIAL**

Plaintiffs request a trial by jury.

/s/

_____

Nicholas Madiou